UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CASEY RAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1141-JDT-cgc |
| | ) | |
| SERGEANT WILSON and CORECIVIC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ASSESSSING $350 FILING FEE IN ACCORDANCE WITH PLRA,
AND TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

_____

On June 26, 2020, the *pro se* prisoner Plaintiff, Casey Raines, Tennessee Department of Correction prisoner number 324856, who is incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a

_____

[1] The civil filing fee is $350.  *See* 28 U.S.C.  § 1914(a).  Under § 1914(b) and the Schedule of Fees set out following the statute, the Clerk also is required to collect an administrative fee of $50 for filing any civil case.  However, the additional $50 fee does not apply when a plaintiff is granted leave to proceed *in forma pauperis*.

"down payment" of a partial filing fee and pay the remainder in installments.  *Id.* at 604.  In this case, Plaintiff has properly submitted an *in forma pauperis* affidavit and a copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2).  The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA, and Plaintiff is assessed the $350 filing fee.

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order.  It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average monthly balance in or average monthly deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit.  28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall submit to the Clerk along with the payment a copy of the prisoner's account statement showing all activity in the account since the last payment under this order.  All payments and account statements should be sent to:

Clerk, United States District Court, Western District of Tennessee,
111 S. Highland Ave., Rm. 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison.  The Clerk is further directed to forward a copy of this order to the Warden of

2

the WCF to ensure the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

Plaintiff has sued Sergeant First Name Unknown Wilson and CoreCivic concerning events that occurred during his previous incarceration at the South Central Correctional Facility (SCCF). However, 28 U.S.C. § 1391(b) authorizes the commencement of a civil action in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction.

Except for the fact that Plaintiff is incarcerated here, this case has no connection with this district. The SCCF, where the alleged events occurred, is located in Clifton, Tennessee, in Wayne County. Wayne County is part of the Columbia Division of the Middle District of Tennessee.  28 U.S.C. § 123(b)(3).

Twenty-eight U.S.C. § 1406(a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  This action should not have been brought in this district and is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the Columbia Division of the United States District Court for the Middle District of Tennessee.

The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

3